IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL DOYLE RUGGLES, | ) | CIVIL 16-00304 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GOVERNOR DAVID IGE, etc., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT AND REQUEST FOR INJUNCTION; AND GRANTING LAU OLA DEFENDANTS' MOTION TO DISMISS PLAINTIFF MICHAEL DOYLE RUGGLES' COMPLAINT AND REQUEST FOR INJUNCTION, FILED ON JUNE 9, 2016**

On August 12, 2016, Defendants Governor David Ige, Virginia Pressler, M.D., and Douglas Chin, in their official and individual capacities (collectively "State Defendants") filed their Motion to Dismiss Complaint and Request for Injunction ("State Motion"). [Dkt. no. 11.] Also on August 12, 2016, Defendants Richard Ha, Dylan Shropshire ("D. Shropshire"), and Lau Ola LLC (collectively "Lau Ola Defendants") filed their Motion to Dismiss Plaintiff Michael Doyle Ruggles' Complaint and Request for Injunction, Filed on June 9, 2016 ("Lau Ola Motion"). [Dkt. no. 15.] On October 24, 2016, the Lau Ola Defendants filed a statement of no position as to the State Motion, and the State Defendants filed a statement of no position as to the Lau Ola Motion. [Dkt. nos. 23, 24.] On November 1, 2016, pro se Plaintiff Michael Doyle Ruggles ("Plaintiff") filed a joint

memorandum in opposition to the State Motion and the Lau Ola Motion (collectively "Motions to Dismiss").  [Dkt. no. 28.]  The Lau Ola Defendants filed their optional reply ("Lau Ola Reply") on November 14, 2016.  [Dkt. no. 34.]

On November 3, 2016, this Court issued an entering order ("EO") finding the Motions to Dismiss suitable for disposition without a hearing.  [Dkt. no. 32.]  After careful consideration of the Motion to Dismiss, supporting and opposing memoranda, and the relevant legal authority, the State Motion is HEREBY GRANTED, and the Lau Ola Motion is HEREBY GRANTED, for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint and Request for Injunction ("Complaint") on June 9, 2016.  Although Plaintiff has made multiple attempts to file an amended complaint, the original Complaint remains the operative pleading in this case.[1]

In the instant case, Plaintiff alleges that the State of Hawai`i ("State") medical marijuana dispensary scheme, created

---

[1] On November 1, 2016, Plaintiff filed his Motion to Amend Plaintiff's Complaint ("First Motion to Amend"), which the magistrate judge denied on November 7, 2016.  [Dkt. nos. 26, 33.] On November 14, 2016, Plaintiff filed a document titled "Amended Complaint and Request for Injunction" ("Amended Complaint"). [Dkt. no. 35.]  This Court issued an EO striking the Amended Complaint on November 16, 2016.  [Dkt. no. 37.]  On November 15, 2016, Plaintiff filed another Motion to Amend Plaintiff's Complaint ("Second Motion to Amend"), which the magistrate judge denied on December 6, 2016.  [Dkt. nos. 42, 46.]

pursuant to Haw. Rev. Stat. Chapter 329D ("Marijuana Dispensary System"), violates federal law.  Plaintiff states that he is a Hawai`i resident who owns property on the Island of Hawai`i, and he has a valid recommendation from a licensed physician in Hawai`i to use medical marijuana.  [Complaint at pg. 5.] According to the Complaint, in April 2016, the State's Department of Health ("DOH") selected Lau Ola and Defendant Hawaiian Ethos LLC ("Hawaiian Ethos") to receive commercial licenses to grow and sell marijuana in medical marijuana dispensaries on the Island of Hawai`i.  Ha and D. Shropshire are La Ola's owners, and Defendant Shelby Floyd is Hawaiian Ethos's owner.  Plaintiff alleged that La Ola's and Hawaiian Ethos's dispensaries were expected to open within three to nine months.  [Id. at pgs. 4-5.]

According to the Complaint, Defendant Aloha Green LLC ("Aloha Green") "is a farming business that imports/exports plant products to/from Hawaii," and it conspired with Lau Ola to produce and sell marijuana on the Island of Hawai`i.  [Id. at pg. 4.]  Defendant Steve Shropshire ("S. Shropshire") is Aloha Green's registered agent, and D. Shropshire is "an owner, manager, and employee of Aloha Green" who conspired with S. Shropshire "to violate federal drug laws."  [Id.]  Plaintiff alleges that Defendant Effective Change LLC ("Effective Change") provides marijuana growing licenses for a fee, and those licenses are necessary for businesses to operate under the Marijuana

Dispensary System.  [Id. at pg. 5.]  Plaintiff apparently has not completed service on the other defendants besides the State Defendants and the Lau Ola Defendants (collectively "the Unserved Defendants").[2]

Plaintiff alleges that: Governor Ige "is responsible for the policies, procedures, and acts of the State of Hawaii"; as the DOH Director, Dr. Pressler "is responsible for the policies, procedures[,] and acts of the Hawaii Department of Health, including licensing medical marijuana dispensaries"; and Attorney General Chin "is responsible for overseeing the legal compliance of the State of Hawaii and authorizing all enforcement and implementation of Hawaii's federally illegal marijuana distribution scheme as it's [sic] top legal organizer."  [Id. at pg. 4.]

Plaintiff alleges that Chapter 329D "purport[s] to permit the production, trafficking, and sale of marijuana, in violation of the federal Controlled Substances Act of 1970 (CSA)," 21 U.S.C. § 801, et seq.  [Id. at pg. 5.]  He alleges that the growth and sale of marijuana, even pursuant to Chapter 329D, constitutes a felony under the CSA because the CSA preempts Chapter 329D.  [Id. at pg. 6.]  According to Plaintiff, once a medical marijuana dispensary opens on the Island of

---

[2] This Court will refer to the State Defendants, the Lau Ola Defendants, and the Unserved Defendants collectively as "Defendants."

4

Hawai`i, he "and the value of his property will be irreparably harmed in value and public perception, due to the presence of massive federally illegal drug businesses in the community." [Id.]  He also alleges that, because he is a medical marijuana patient, he has an interest in the "prevention of the medical marijuana supply from being taken over by federally illegal large scale businesses."  [Id. at pg. 7.]  Plaintiff alleges that these are irreparable harms.  [Id.]

The Complaint alleges the following claims: a claim under the CSA seeking an injunction against the implementation or enforcement of Chapter 329D and prohibiting "operating, advertising, promoting, licensing, funding, or authorizing any form of marijuana production or distribution" ("Count I"); [id.] and a claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, asserting that Plaintiff's business or property has been injured by the Marijuana Dispensary System, which he alleges constitutes an illegal enterprise for purposes of RICO ("Count II") [id. at 7-8].  Further, although there is no numbered count associated with the argument, Plaintiff asserts that Chapter 329D and the Marijuana Dispensary System violate his rights under the Supremacy Clause of the United States Constitution.  [Id. at 1, 7.]

Plaintiff therefore seeks the following relief: a declaratory judgment that Chapter 329D and the Marijuana Dispensary System violate the CSA and RICO and are preempted by federal law; a declaratory judgment that the State regulations regarding the Marijuana Dispensary System violate the CSA; preliminary and permanent injunctions against the implementation of the Marijuana Dispensary System and the enforcement of Chapter 329D; and any other appropriate relief.

The State Motion urges this Court to dismiss Plaintiff's claims against the State Defendants because: 1) there is no private right of action under either the Supremacy Clause or the CSA; 2) government entities are not subject to RICO; 3) Plaintiff lacks standing because he has not suffered an injury; 4) Plaintiff's claims are not ripe because he only alleges expected injuries that he believes will occur when the marijuana dispensaries open; 5) Plaintiff's claims for injunctive relief are barred because he has not alleged a sufficient nexus between the State Defendants' actions and the alleged violation of his rights; and 6) the State Defendants have qualified immunity in their individual capacities.

The La Ola Motion argues that Plaintiff lacks standing to bring the claims he asserts against them because: 1) there is no implied right of action under the Supremacy Clause for Plaintiff to enforce the CSA; and 2) the Complaint does not

allege that Plaintiff has suffered the type of damages necessary to support a RICO claim. The Lau Ola Defendants urge this Court to dismiss Plaintiff's claims against them with prejudice because amendment of Plaintiff's claims would be futile.

### **STANDARDS**

As relevant to the Motions to Dismiss, Fed. R. Civ. P. 12(b) states that "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; . . . (6) failure to state a claim upon which relief can be granted." "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

> A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [plaintiff's] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

Piedvache v. Ige, Civil No. 16-00138 DKW-RLP, 2016 WL 6516826, at *2 (D. Hawai`i Nov. 2, 2016) (alterations in Piedvache).

7

**DISCUSSION**

I. **Supremacy Clause**

Although the Complaint does not have a numbered count alleging a claim under the Supremacy Clause, this Court liberally construes the Complaint as asserting one.[3] The Supremacy Clause states:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The United States Supreme Court has stated that "the Supremacy Clause is not the 'source of any federal rights,' and certainly does not create a cause of action." Armstrong v. Exceptional Child Ctr., Inc., 135 S. Ct. 1378, 1383 (2015) (some citations and internal quotation marks omitted) (quoting Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107, 110 S. Ct. 444, 107 L. Ed. 2d 420 (1989)).

---

[3] This Court must liberally construe Plaintiff's pleadings because he is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))).

Because the Supremacy Clause does not create a cause of action, this Court CONCLUDES that Plaintiff's claim asserting a violation of the Supremacy Clause fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The Ninth Circuit has stated that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Because this Court CONCLUDES that it is absolutely clear that no amendment can cure the defect in Plaintiff's Supremacy Clause claim, this Court GRANTS the State Motion and the Lau Ola Motion as to Plaintiff's Supremacy Clause claim. Further, this Court's analysis applies to Plaintiff's Supreme Clause claim against the Unserved Defendants. This Court therefore DISMISSES Plaintiff's Supremacy Clause claim WITH PREJUDICE as to all Defendants.

## II. Count I - CSA Claim

> Marijuana is classified as a Schedule I controlled substance under the Controlled Substances Act, 21 U.S.C. § 812. As a Schedule I controlled substance, marijuana, under federal law, is deemed to have "no currently accepted medical use in treatment[, and] [t]here is a lack of accepted safety for use of the . . . substance under medical supervision." Id. § 812(b)(1)(B) & (C).

Wilson v. Lynch, 835 F.3d 1083, 1088 (9th Cir. 2016) (alterations in Wilson). Plaintiff therefore asserts that Hawaii's Marijuana

Dispensary System violates the CSA. Both the State Defendants and the Lau Ola Defendants argue that Plaintiff's CSA claim fails as a matter of law because there is no private right of action under the CSA.

In Gonzaga University v. Doe, the Supreme Court explained that "we have held that the question whether Congress intended to create a private right of action is definitively answered in the negative where a statute by its terms grants no private rights to any identifiable class." 536 U.S. 273, 283-84 (2002) (alterations, citations, and internal quotation marks omitted). The Supreme Court continued, "[f]or a statute to create such private rights, its text must be phrased in terms of the persons benefitted," and, "even where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent to create not just a private right but also a private remedy." Id. (emphasis, citations, and internal quotation marks omitted).

The Supreme Court has consistently distinguished "explicit rights-creating" language from "statutory language customarily found in criminal statutes . . . and other laws enacted for the protection of the general public." Cannon v. Univ. of Chicago, 441 U.S. 677, 690 (1979); see also Alexander v. Sandoval, 532 U.S. 275, 289 (2001) ("Statutes that focus on the

person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" (quoting California v. Sierra Club, 451 U.S. 287, 294, 101 S. Ct. 1775, 68 L. Ed. 2d 101 (1981))). Further, the Supreme Court has stated that "the 'express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'" Armstrong, 135 S. Ct. at 1385 (quoting Alexander v. Sandoval, 532 U.S. 275, 290, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001)). In addition to establishing criminal offenses and penalties, see 21 U.S.C. §§ 841-65, the CSA also provides for administrative enforcement by the United States Attorney General and – by delegation – the Department of Justice, see 21 U.S.C. §§ 871-90. This extensive criminal and administrative enforcement scheme strongly suggests that Congress intended to preclude private enforcement of the CSA.

Although the Ninth Circuit Court of Appeals has not expressly addressed the issue, the district courts within the Ninth Circuit that have addressed it uniformly concluded that the CSA does not create a private right of action. See, e.g., Shmatko v. Arizona CVS Stores LLC, No. CV-14-01076-PHX-DGC, 2014 WL 3809092, at *2 (D. Ariz. Aug. 1, 2014); United States v. Real Prop. & Improvements Located at 1840 Embarcadero, Oakland, Cal., 932 F. Supp. 2d 1064, 1072 (N.D. Cal. 2013); Creech v. Reinke, No.1:12-cv-00173-EJL, 2012 WL 1995085, at *23-24 (D. Idaho

11

June 4, 2012); Dave v. Crowell & Moring LLP, No. CV 10-0172 GAF(PLAx), 2010 WL 1848147, at *11 n.11 (C.D. Cal. May 4, 2010). Based on the clear, controlling precedent about the statutory creation of private rights of action, and based on the language of the statutes enacted pursuant to the CSA, this Court agrees with those district courts and CONCLUDES that the CSA does not create a private right of action to bring civil suits for violations of the CSA.

Because the CSA does not create a private right of action, this Court CONCLUDES that Count I fails to state a claim upon which relief can be granted, and it is absolutely clear that no amendment can cure this defect in Plaintiff's CSA claim.  This Court therefore GRANTS the State Motion and the Lau Ola Motion as to Count I.  Further, this Court's analysis applies to Plaintiff's claim in Count I against the Unserved Defendants.  This Court therefore DISMISSES Count I WITH PREJUDICE as to all Defendants.

**III. Count II - RICO Claim**

Count II alleges that Defendants are in violation of 18 U.S.C. § 1962(c), which states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1964(c) states, in relevant part, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Thus, it is possible for Plaintiff to bring claims based on alleged RICO violations.

### A. Official Capacity Claims

The Ninth Circuit has held that "government entities are incapable of forming [the] malicious intent necessary to support a RICO action." Pedrina v. Chun, 97 F.3d 1296, 1300 (9th Cir. 1996) (alteration in Pedrina) (citation and internal quotation marks omitted). Plaintiff has sued the State Defendants in both their individual and official capacities. Plaintiff's claims against the State Defendants in their official capacities are actually claims against the State itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). This Court CONCLUDES that, because the State is not capable of forming the intent necessary to support a RICO claim, Plaintiff's claims in Count II against the State Defendants – in their official

capacities – fail as a matter of law. This Court also CONCLUDES that it is absolutely clear that no amendment can cure this defect in Plaintiff's RICO claims against the State Defendants in their official capacities. This Court therefore GRANTS the State Motion insofar as it DISMISSES Plaintiff's claims in Count II against the State Defendants in their official capacities WITH PREJUDICE.

### B. Standing

The State Defendants, in their individual capacities, and the Lau Ola Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's claims in Count II against them because he does not have standing. See, e.g., Roberts v. Texas, Civ. No. 16-00013 HG-KSC, 2016 WL 2642995, at *3 (D. Hawai`i May 9, 2016) ("A defendant may challenge a plaintiff's standing in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction." (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000))).

> Article III of the United States Constitution limits the power of the courts to the resolution of actual "Cases" and "Controversies." U.S. Const., art. III, § 2; Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). "[T]he irreducible constitutional minimum of standing contains three elements": (1) injury in fact, (2) causation, and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Thus, the party seeking

> to establish standing must show the "actual or imminent" "invasion of a legally protected interest" that is "fairly traceable to the challenged action" and is "likely . . . to be redressed by a favorable decision." Id. at 560-61, 112 S. Ct. 2130 (emphasis added) (alterations, citations, and quotation marks omitted).  The party seeking to establish jurisdiction . . . bears the burden of demonstrating standing. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006); Lujan, 504 U.S. at 561, 112 S. Ct. 2130. . . .

Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 969-70 (9th Cir. 2013) (emphasis omitted). Specifically, to establish standing to bring a civil RICO claim, the plaintiff "is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury. Proximate causation for RICO purposes requires 'some direct relation between the injury asserted and the injurious conduct alleged.'"  Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) (citing and quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)).

In addition, "[a]s with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of the filing of the complaint. . . .  The party invoking the jurisdiction of the court cannot rely on events that unfolded after the filing of the complaint to establish its standing." Wilbur v. Locke, 423 F.3d 1101, 1107 (9th Cir. 2005) (citations

and quotation marks omitted).[4]

In the instant case, Plaintiff alleges the following injuries: he will be harmed by the negative perception created by the marijuana dispensaries in his community; his property value will decrease; and his supply source for his medical marijuana will be taken over by illegal businesses. [Complaint at pgs. 6-7.] However, when he filed the Complaint, Plaintiff merely believed these injuries would occur when one or more medical marijuana dispensaries opened in his community. The Complaint alleged that the dispensaries were expected to open within three to nine months. [Id. at pg. 5.] In other words, no medical marijuana dispensary had opened, and Plaintiff had not yet suffered any of the injuries he believed would occur once a dispensary opened. This Court FINDS that Plaintiff's alleged injuries are not "concrete and particularized," nor are they "actual or imminent." See Lujan, 504 U.S. at 560. Instead, the anticipated decline in property value and impairment of Plaintiff's medical marijuana supply are purely "conjectural or hypothetical." See id. This Court therefore CONCLUDES that the Complaint does not plead sufficient allegations that, if proven, would establish an injury in fact. This Court CONCLUDES that it lacks subject matter jurisdiction over Plaintiff's claims in

---

[4] Wilbur was abrogated on other grounds by Levin v. Commerce Energy, Inc., 560 U.S. 413 (2010).

Count II against the State Defendants, in their individual capacities, and the Lau Ola Defendants because Plaintiff failed to plead a sufficient basis for his standing to bring those claims.  In light of the fact that standing is determined at the time of the filing of a complaint, this Court CONCLUDES that it is absolutely clear that no amendment can cure the defect in Plaintiff's RICO claim against the State Defendants in their individual capacities and against the Lau Ola Defendants.  This Court therefore GRANTS the State Motion insofar as it DISMISSES Plaintiff's claims in Count II against the State Defendants in their individual capacities and the Lau Ola Defendants WITH PREJUDICE.[5]

       This Court's analysis also applies to Plaintiff's claims in Count II against the Unserved Defendants.  This Court therefore DISMISSES Count II WITH PREJUDICE as to the Unserved Defendants.

       This Court has dismissed Plaintiff's claims Count II against the State Defendants, in their individual capacities, the Lau Ola Defendants, and the Unserved Defendants for lack of standing.  The dismissal is WITH PREJUDICE, in other words, Plaintiff does not have permission to file an amended complaint **in this case.**  However, this Order **does not prohibit** Plaintiff

---

[5] In light of this Court's rulings, it is not necessary for this Court to address the remaining arguments in the Motions to Dismiss.

from filing a **new RICO claim** against those defendants in a **separate case**, if events that occurred after the filing of the Complaint – or events that occur in the future – give rise to an injury in fact.

## **CONCLUSION**

On the basis of the foregoing, the State Defendants' Motion to Dismiss Complaint and Request for Injunction, filed August 12, 2016, is HEREBY GRANTED, and the Lau Ola Defendants' Motion to Dismiss Plaintiff Michael Doyle Ruggles' Complaint and Request for Injunction, Filed on June 9, 2016, which they also filed August 12, 2016, is HEREBY GRANTED.  All of Plaintiff's claims against the State Defendants and the Lau Ola Defendants are DISMISSED WITH PREJUDICE.

In addition, Plaintiff's claims against the Unserved Defendants are HEREBY DISMISSED WITH PREJUDICE.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case on **February 15, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **February 14, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 31, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL DOYLE RUGGLES VS. GOVERNOR DAVID IGE, ET AL; CIVIL 16-00304 LEK-KJM; ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS COMPLAINT AND REQUEST FOR INJUNCTION; AND GRANTING LAU OLA DEFENDANTS' MOTION TO DISMISS PLAINTIFF MICHAEL DOYLE RUGGLES' COMPLAINT AND REQUEST FOR INJUNCTION, FILED ON JUNE 9, 2016**